IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30318
Summary Calendar
_____

JOHN OLIVER WADDELL,

Petitioner-Appellant,

versus

BOARD OF IMMIGRATION APPEALS;
IMMIGRATION AND NATURALIZATION SERVICE,
Lynn Underdown, District Director,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1873-R
--------------------

February 3, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

John Oliver Waddell (Waddell) appeals the district court's

dismissal of a habeas petition he brought pursuant to 28 U.S.C.

§ 2241. Waddell argues that the district court erred in ruling

that its jurisdiction under § 2241 did not encompass issues of

statutory interpretation and that the district court erred in

dismissing his equal protection claim.

Waddell could not appeal his final deportation order because

§ 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant

Responsibility Act (IIRIRA) transitional rules precludes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"appeals" in cases of aliens who are inadmissible or deportable because they committed certain enumerated offenses, a list including the offenses for which Waddell had been convicted.

This court reviews *de novo* the district court's legal determinations, including determinations of jurisdiction. Requena-Rodriquez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999). Subsequent to the district court's opinion in this case, we decided Requena-Rodriquez, wherein we concluded that "§ 2241 habeas jurisdiction continues to exist under IIRIRA's transitional rules in cases involving final orders of deportation against criminal aliens, and that habeas jurisdiction is capacious enough to include constitutional and statutory challenges if those challenges cannot be considered on direct review by the court of appeals." Id. at 305 (emphasis added).

Based upon the foregoing, we vacate the district court's dismissal of Waddell's statutory interpretation claim for want of jurisdiction and remand this claim to the district court for consideration in light of Requena-Rodriquez.

Waddell also argues that Antiterrorism and Effective Death Penalty Act (AEDPA) § 440(d)'s limits on § 212(c) relief violates his right to equal protection because these limits deny a chance for discretionary relief to deportable aliens but not to excludable aliens. In Requena-Rodriquez, we decided that there was a rational basis for this distinction. 190 F.3d at 309.

> Congress's more lenient treatment of excludable as distinct from deportable aliens ... creates an incentive for deportable aliens to leave the country-- which is after all the goal of deportation--without their having to be ordered to leave at the government's expense. To induce their voluntary departure, a little

carrot is dangled before them, consisting of the opportunity to seek a waiver should they seek to return to the country and by doing so trigger exclusion proceedings.

Id. (citing LaGuerre v. Reno, 164 F.3d 1035, 1041 (7th Cir. 1998)). The district court's dismissal of Waddell's equal protection claim is therefore affirmed.

VACATED AND REMANDED WITH RESPECT TO STATUTORY CLAIM; AFFIRMED AS TO DISMISSAL OF EQUAL PROTECTION CLAIM.